IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE THIRD PARTY SUBPOENA AD TESTIFICANDUM | Case No. _____ |
| Eastman Kodak Company,<br><br>      Plaintiff,<br>  v.<br><br>Apple Inc.,<br><br>      Defendant. | Case No. Western District of New York<br>    Civil Action No. 6:10-cv-06022 |

**NONPARTY STERNE KESSLER GOLDSTEIN & FOX P.L.L.C'S**
<u>**MOTION TO QUASH SUBPOENA**</u>

## TABLE OF CONTENTS

I. Introduction ...................................................................................................................1

II. Background and Summary of Argument ......................................................................1

III. Legal Argument ............................................................................................................5

    A. All Nonprivileged Information That Kodak Seeks Can Be Obtained from Other More-Accessible and Less-Burdensome Sources ..............................................................6

    B. The Information Kodak Seeks Is Neither Relevant Nor Crucial .......................8

    C. Kodak Will Encounter Privileged Information by Deposing SKGF ................9

IV. Conclusion ...................................................................................................................9

*I.     Introduction*

The law firm Sterne, Kessler, Goldstein & Fox P.L.L.C. ("SKGF") moves this Court to quash the deposition subpoena[1] served on it by Eastman Kodak Company. This motion is necessary because Kodak has subpoenaed SKGF for a deposition on topics concerning SKGF's legal representation of Apple Inc. The deposition that Kodak seeks will necessarily touch on information protected by the attorney-client privilege and the work-product doctrine. This potential intrusion into protected information can and should be avoided because the information Kodak seeks to obtain from SKGF is available through non-privileged sources, is irrelevant, or both. The Court should quash the subpoena.

*II.    Background and Summary of Argument*

Kodak sued Apple in the U.S. District Court for the District of Delaware alleging that Apple infringed three Kodak patents. *See Eastman Kodak Co. v. Apple Inc.*, Western District of New York, Civil Action No. 6:10-cv-06022. Apple counterclaimed, alleging, among other things, that Kodak infringed Apple's U.S. Patent No. 5,634,074 (the "'074 patent".) Discovery in that litigation is set to close on June 30, 2011.

On April 28, 2010, an anonymous third party requested that the U.S. Patent and Trademark Office ("Patent Office") conduct an *ex parte* reexamination of the '074 patent. The Patent Office granted the reexamination request and ordered reexamination of the '074 patent, assigning it Reexamination Control No. 90/010,964. SKGF represented Apple in that reexamination. In a patent reexamination, the Patent Office reconsiders whether the claims of an

---

[1] The subpoena is attached as Exhibit 1. The attorney issuing the subpoena agreed to extend the time to file a motion to quash to June 10, 2011. (Email from B. Weed to B. Pickard (May 31, 2011), Exhibit 2.)

issued patent are patentable over particular patents and printed publications. It is common for a defendant accused of infringing a patent to request that the Patent Office reexamine the patent-in-suit in addition to that defendant challenging the validity of the patent in the litigation. Ultimately, the Patent Office determined that all claims of the '074 patent under reexamination were patentable, issuing a reexamination certificate confirming all claims on May 31, 2011. (Reexamination Certification, Exhibit 3.) The entire prosecution of the reexamination of the '074 patent is contained in the written prosecution file, which is publicly available on the Patent Office's Public PAIR website, http://portal.uspto.gov/external/portal/pair. This written file history includes summaries, submitted by the Examiner and Apple, of the in-person interview that SKGF conducted on January 5, 2011. (Interview Summaries, Exhibits 4 and 5.)

Kodak did not assert any inequitable-conduct defense in response to Apple's claim that Kodak infringed the '074 patent, but it has recently moved the Western District of New York District Court for leave to amend its pleadings to add the defense of inequitable conduct. (Motion for Leave to Amend, Exhibit 6.) That motion is scheduled for oral argument on June 20, 2011. Kodak's proposed inequitable-conduct defense contends that Apple and several SKGF attorneys committed inequitable conduct by failing to disclose to the Patent Office the existence of the Kodak–Apple litigation and by failing to advise the Patent Office of a claim limitation which Kodak contends should have been included in the claims of the '074 patent but which do not appear in the as-issued claims of the patent.[2]

---

[2] Apple is opposing Kodak's motion for leave, and both Apple and SKGF believe that the inequitable conduct changes are without any merit. The Federal Circuit's recent *en banc* decision in *Therasense, Inc. v. Becton, Dickinson & Co.*, No. 2008-1511, 2011 WL 2028255 (Fed. Cir. May 25, 2011), which defines the standard for a claim of inequitable conduct, raises serious questions whether Kodak can even meet its burden of pleading inequitable conduct.

On May 12, 2011, Kodak served a subpoena on SKGF seeking both the production of documents and a deposition of SKGF on a number of topics listed under Federal Rule of Civil Procedure 30(b)(6). The deposition topics fall within a handful of broad categories: (1) SKGF's "analysis" of the issues involved in the reexamination of the '074 patent (Topics 5 & 19); (2) the prosecution of the '074 patent, including its reexamination (Topics 1 & 6-10); (3) SKGF's communications with Apple, the patent inventor, other attorneys who prosecuted the '074 patent, and the Patent Office (Topics 2-5 & 11); (4) SKGF's knowledge of the Kodak–Apple litigation and other litigation concerning the '074 patent (Topics 12-17); and (5) SKGF's understanding of reexamination practice before the Patent Office (Topics 20-23). SKGF served objections to Kodak's attorney concerning the documentary portions of the subpoena and also advised Kodak that the deposition it sought was not proper. (Exhibit 7.) Since serving those objections, SKGF has conferred on several occasions with Kodak's attorney. Kodak agreed that if it does not obtain leave to add an inequitable-conduct defense in the Kodak–Apple litigation it will not depose SKGF on issues relating to SKGF's proposed inequitable-conduct. (Email from B. Weed to B. Pickard (May 27, 2011), Exhibit 2.) Kodak has maintained however that it still intends to depose SKGF on issues concerning "claim construction/claim scope." (Email from B. Weed to B. Pickard (May 27, 2011), Exhibit 2.) SKGF disagrees with Kodak; no matter the outcome of the motion for leave, a deposition of SKGF concerning the '074 patent reexamination is not proper. SKGF advised Kodak that all of the information Kodak needs concerning claim construction is found in the file wrapper. (Email from B. Pickard to B. Weed (May 31, 2011), Exhibit 2.) The file wrapper includes the interview summaries. SKGF also pointed out to Kodak that it could determine what was communicated at the interview through the examiner and an inventor, who were present at the interview. (Email from B. Pickard to B. Weed (May 31,

2011), Exhibit 2.) Notably, Kodak, in its discussions with SKGF concerning its subpoena, did not mention that it had already deposed the inventor who attended the interview, and it did not complain that the inventor was unable to give sufficient testimony concerning the interview.

The Court should quash the subpoena and bar the deposition of SKGF. Kodak may depose SKGF only if it can show (1) the information it seeks can only be obtained by deposing SKGF; (2) the information it seeks by deposing SKGF is both relevant and nonprivileged; and (3) the information it seeks is crucial to the case. Kodak cannot satisfy any of these elements.

First, the prosecution of the '074 patent reexamination was done on the written record that is found in the file history of the reexamination. This written record includes the substance of the in-person interview held in the reexamination—both the examiner and Apple submitted a written interview summary for the interview conducted. And, even assuming that this written record of the interview was insufficient, Kodak can still discover the substance of the interview by deposing the examiner or inventor (it has already deposed the inventor) who were also present at the interview.

Second, the only other information that Kodak seeks to discover from SKGF is protected from disclosure by the attorney–client privilege or the work-product doctrine. The only non-privileged information known by these attorneys is already in the public domain in the file history of the patent-in-suit and the file history of the reexamination. The reason for that is simple: all prosecution of the '074 patent was done on the written record. 37 C.F.R. § 1.2. The remaining communications and information, such as SKGF's client communications, internal communications, and mental impressions, are protected from disclosure.

Third, any information outside the file history of the patent and the file history of the reexamination is not relevant, let alone crucial, to this suit. Those file histories contain the

complete record of the Patent Office's determination as to the patentability of the patent in question. And, because Kodak has no inequitable-conduct defense in this case, the mental impressions of SKGF are not relevant and, in any event, would be protected as attorney-work product. Indeed, Kodak has never explained why the information it seeks is relevant to any claim or defense in this suit. The only issue that Kodak has articulated as being nonprivileged is the substance of the interview conducted by SKGF with the Patent Office during the reexamination of the patent-in-suit, but Kodak has never explained why it needs any more than the interview summaries that are publicly available.

### III.  Legal Argument

The Subpoena should be quashed because the deposition sought is neither appropriate nor necessary. Although parties may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense, courts have discretion to limit the scope of discovery when it is cumulative or can be obtained from other more convenient, less burdensome, or less expensive sources. Fed. R. Civ. P. 26(b)(1)-(2). The Court may also limit discovery "for good cause" and "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding the discovery." Fed. R. Civ. P. 26(c)(1).

Deposing an opposing party's attorney is disfavored. *See, e.g., Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Evans v. Atwood*, No. CIV.A. 96-2746, 1999 WL 1032811, at *2 (D.D.C. Sept. 29, 1999) ("[A] party seeking to depose its adversary's counsel must demonstrate the propriety of and need for such a deposition"); *Corp. for Public Broad. v. Am. Auto. Centennial Comm'n*, No. 1:97CV01810, 1999 WL 1815561, at *1 (D.D.C. Feb. 2, 1999). The D.C. Circuit has not addressed what standard should be applied for depositions of attorneys representing a party in reexaminations that are concurrent with a pending litigation, but

the standard for deposing opposing party's counsel as articulated by the Eighth Circuit in *Shelton v. American Motors Corp.* should be applied in this case and has been favorably applied or cited by this Court in deciding similar issues. *See, e.g., Corp. for Public Broad.*, 1999 WL 1815561, at *1; *Evans*, 1999 WL 1032811, at *3; *but see United States v. Philip Morris Inc.*, No. Civ. A. 99-2496, 209 F.R.D. 13, 16-18 (D.D.C. Aug. 23, 2002) (limiting the application of the *Shelton* factors to trial and litigation counsel or where there was a risk of exposing litigation strategy).

Where there is no inequitable conduct charge at issue, depositions of attorneys who prosecuted the patent-in-suit are not proper and will not yield relevant information. *See, e.g., ResQNet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2004 WL 1627170, at *4 (S.D.N.Y. July 1, 2004) (finding that when the plaintiff had not pled inequitable conduct and even alleged the prior art was concealed, the plaintiff was not entitled to oppose plaintiff's counsel on the topic of inequitable conduct). As the Court in *ResQNet* observed: "The prosecution histories speak for themselves, and the relevant inquiry in terms of prior art and claim construction is how one of ordinary skill in the art would interpret and understand those prosecution histories." *Id.* at *5.

**A.    *All Nonprivileged Information That Kodak Seeks Can Be Obtained from Other More-Accessible and Less-Burdensome Sources***

Under the *Shelton* standard, the party seeking to depose counsel first must show that the information cannot be obtained through other sources. *Shelton*, 805 F.2d at 1327. Kodak cannot make that showing because everything relevant to the reexamination of the patent-in-suit is contained in the publicly available file wrapper. Under the Patent Office's rules, all business with the Patent Office must be conducted in writing. 37 C.F.R. § 1.2. This requirement is significant; everything relevant to patentability in the reexamination must be and is in the file history of the reexamination. *See* 37 C.F.R. § 1.2 ("The action of the Patent and Trademark Office will be based exclusively on the written record in the Office."); M.P.E.P. § 2281.

The requirement that prosecution proceed on the written record applies to the interviews as well. The Patent Office cannot conduct business in writing as required under 37 C.F.R. § 1.2 regarding oral interviews unless the Patent Office keeps records of the substance of the interviews. M.P.E.P. § 713.04 ("The action of the U.S. Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews."). First, the Examiner must, and in this reexamination has, completed an interview summary identifying the substance discussed during the interviews. M.P.E.P § 713.04; *see also* Exhibit 4. There is a similar requirement for the patent owner to submit an interview summary, which Apple has filed. 37 C.F.R. § 1.560(b); *see also* Exhibit 5. Further, the Examiner must ensure that the patent owner's statement of substance of the interview is accurate, M.P.E.P. § 713.04, and the Examiner has not objected to or corrected the content of Apple's statement of substance of the interview in the reexamination. Also, the Examiner's interview summary contains the detailed slide presentation that was used during the interview. And most significantly, the interview was followed by Apple's written Response to the Office Action, and it was this submission to the Office that constitutes Apple's official, formal response to the rejections raised by the Office in this reexamination. 37 C.F.R. § 1.560(b) ("An interview does not remove the necessity for response to Office actions as specified in § 1.111.").

Even assuming this written evidence of the interview was insufficient, Kodak can depose several non-attorneys who were present at the interview, including the examiner and an inventor. Kodak has deposed the inventor present at the interview, but Kodak has not complained that the inventor was unable to adequately testify about the interview.

In short, all nonprivileged information Kodak may contend it needs concerning the reexamination is already available in the file wrapper or through non-attorney witnesses. Under the *Shelton* standard, Kodak is not entitled to depose SKGF.

**B.  *The Information Kodak Seeks Is Neither Relevant Nor Crucial***

To depose an opposing party's counsel, the information sought must be both relevant and crucial to the case. *Shelton*, 805 F.2d at 1327. Here, the information Kodak seeks to obtain from SKGF that is not already in the file wrappers of the patent is not relevant and, thus, not crucial to Kodak's case.

At this time, Kodak has no inequitable-conduct defense in this case, so the mental impressions of SKGF are not relevant. *See, e.g., ResQNet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2004 WL 1627170, at *4 (S.D.N.Y. July 1, 2004) (finding that when the plaintiff had not pled inequitable conduct and even alleged the prior art was concealed, the plaintiff was not entitled to oppose plaintiff's counsel on the topic of inequitable conduct).

Indeed, the only area of inquiry that Kodak attorneys could identify as possibly relevant and nonprivileged on which it wished to depose SKGF was the communications between SKGF and the Patent Office, including the substance of the in-person interview. Kodak has stated that this information is relevant for claim construction. But oral statements to the Patent Office are not part of the intrinsic evidence for the patent. *PureChoice, Inc. v. Honeywell Int'l, Inc.*, 2008 U.S. Dist. LEXIS 4246 (E.D. Tex. Jan. 22, 2008). And it is the intrinsic evidence—the patent and the written file history—that governs claims construction, except in rare cases. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1327 (Fed. Cir. 2005) (*en banc*). Because Kodak has failed to identify any relevant topics, much less crucial topics, a deposition of SKGF regarding the reexamination is not appropriate under the *Shelton* standard.

## C.  *Kodak Will Encounter Privileged Information by Deposing SKGF*

Under the *Shelton* standard, a deposition of an opposing party's counsel is appropriate only when the information sought is nonprivileged. *Shelton*, 805 F.2d at 1327. There is a high likelihood that Kodak will encounter privileged information if it deposes SKGF. Aside from the items in the file history of the reexamination, nearly everything known by SKGF is protected by attorney-client privilege or the work-product doctrine. For example, internal attorney-to-attorney discussions, draft papers, attorneys' mental impressions about the patent and the prior art, and communications with the client are all clearly protected from disclosure. Kodak will learn little, if any, information about the reexamination through SKGF without running afoul of the attorney-client privilege or the work-product limits on disclosure. Even if Kodak adds an inequitable conduct defense to the underlying litigation, that will not entitle it to pierce the attorney-client privilege.

In sum, Kodak will encounter privileged information if it deposes SKGF regarding the reexamination, and thus such a deposition is not appropriate.

## IV.  *Conclusion*

For the foregoing reasons, it is respectfully requested that this Court quash the deposition subpoena of SKGF.

Dated: June 10, 2011

Respectfully Submitted,

*[signature]*

Sterne, Kessler, Goldstein & Fox P.L.L.C.
David K.S. Cornwell (D.C. Bar No. 431216)
Byron L. Pickard (D.C. Bar No. 499545)
1100 New York Avenue, N.W.
Washington, DC 20005
202.371.2600
davidc@skgf.com
bpickard@skgf.com

Counsel for Sterne, Kessler, Goldstein & Fox P.L.L.C