# Exhibit 1

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | | |
|---|---|---|
| Eastman Kodak Company | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   6:10-cv-06022 |
| | ) | |
| Apple Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Western District of New York            ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Sterne, Kessler, Goldstein & Fox P.L.L.C.
     1100 New York Avenue, Washington, DC 20005

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A to Notice of Subpoena

| Place: K&L Gates LLP <br> 1601 K Street NW <br> Washington, DC, 20006-1600 | Date and Time: <br><br> 06/03/2011 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video and Stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule B to Notice of Subpoena
Please produce documents responsive to the attached requests by no later than May 25, 2011 at
K&L Gates LLP, 1601 K Street NW, Washington, DC, 20006-1600

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   05/11/2011

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Benjamin E. Weed |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Eastman Kodak Company
_____ , who issues or requests this subpoena, are:

Benjamin E. Weed, K&L Gates LLP
70 W. Madison St., Suite 3100, Chicago, IL 60602
benjamin.weed@klgates.com   (312-781-7166)

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  6:10-cv-06022

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

    ❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EASTMAN KODAK COMPANY,

*Plaintiff/*
*Counterclaim-Defendant,*

v.

APPLE INC.,

*Defendant/*
*Counterclaim-Plaintiff.*

Case No. 6:10-cv-06022

JURY TRIAL DEMANDED

## EASTMAN KODAK COMPANY'S NOTICE OF SUBPOENA *AD TESTIFICANDUM* AND SUBPOENA *DUCES TECUM* TO STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to and in accordance with Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Eastman Kodak Company ("Kodak"), by its attorneys, hereby gives notice of the service of a subpoena to Sterne, Kessler, Goldstein & Fox P.L.L.C. ("Sterne Kessler"). The subpoena commands Sterne Kessler to respond to the following requests for the production of documents and things identified in Schedule B hereto within fourteen (14) days after service of these requests, or within a time mutually agreed upon by Kodak and Sterne Kessler. Kodak further requests that Sterne Kessler produce for inspection and copying those documents or objects that are described in Schedule B hereto by delivering such documents or objects to Benjamin E. Weed, c/o K&L Gates LLP, 1601 K Street NW, Washington DC, 20006-1600, or another mutually acceptable location.

PLEASE TAKE FURTHER NOTICE that the subpoena commands Sterne Kessler to appear for the taking of a deposition upon oral examination commencing at 9:00 a.m. on Friday,

1

June 3, 2011, at the offices of K&L Gates LLP, 1601 K Street NW, Washington DC, 20006-1600, or at another location and time agreed upon by Kodak and Sterne Kessler, before an officer authorized by law to administer oaths. The matters on which examination is required are identified in Schedule A hereto. In accordance with the provisions of Rule 30(b)(3) and 45 of the Federal Rules of Civil Procedure, the deposition will be recorded by stenographic means and may be videotaped.

PLEASE TAKE FURTHER NOTICE that because the deponent is not a natural person, Sterne Kessler shall designate to testify one or more partners, officers, directors, managing agents, employees, or other persons who have consented to testify on its behalf, who shall have knowledge of, and who are capable and competent to testify regarding the categories identified in the attached Schedule A.

You are invited to attend and participate as provided in the Federal Rules of Civil Procedure.

Dated: May 11, 2011

/s/ *Neal L. Slifkin*
HARRIS BEACH PLLC
Paul J. Yesawich, III
Neal L. Slifkin
Laura W. Smalley
*Attorneys for Eastman Kodak Company*

HARRIS BEACH PLLC
99 Garnsey Road
Pittsford, New York 14534
Tel: (585) 419-8800
Fax: (585) 419-8813
pyesawich@harrisbeach.com
nslifkin@harrisbeach.com
lsmalley@harrisbeach.com

2

*Admitted Pro Hac Vice:*
Michael J. Bettinger
Stephen M. Everett
Elaine Y. Chow
Curt Holbreich
K&L Gates LLP
Four Embarcadero Ctr., Ste. 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220
michael.bettinger@klgates.com
stephen.everett@klgates.com
elaine.chow@klgates.com
curt.holbreich@klgates.com

Michael J. Abernathy
Alan L. Barry
Jason A. Engel
Benjamin E. Weed
K&L Gates LLP
70 West Madison St., Ste. 3100
Chicago, IL 60602-4207
Tel: (312) 372-1121
Fax: (312) 287-8000
mike.abernathy@klgates.com
alan.barry@klgates.com
jason.engel@klgates.com
benjamin.weed@klgates.com

David T. McDonald
Douglas B. Greenswag
K&L Gates LLP
925 Fourth St., Ste. 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
Fax: (206) 623-7072
david.mcdonald@klgates.com
douglas.greenswag@klgates.com

## SCHEDULE A

## TOPICS OF DEPOSITION

Please see the attached Definitions and Instructions, which apply to the following Topics of Deposition.

## TOPIC NO. 1:

The prosecution of the '074 Patent or any of its parents, continuations, divisionals, continuations-in-part, reexaminations, reissues, or otherwise related U.S. or foreign patent applications or proceedings, including the reexamination proceedings before the USPTO bearing reexamination control numbers 90/010,964 and 90/010,784.

## TOPIC NO. 2:

Your relationship and communications with Mark Devon, John Lynch, or James B. Nichols, including Your involvement in the negotiation of any contracts to which Mark Devon, John Lynch, and/or James B. Nichols are a party.

## TOPIC NO. 3:

Your relationship to and communications with the law firm of Burns, Doane, Swecker & Mathis, L.L.P. or its successors in interest (including the law firm of Buchanan Ingersoll & Rooney PC) regarding the '074 Patent or any of its parents, continuations, divisionals, continuations-in-part, reexaminations, reissues, or otherwise related U.S. patent applications or proceedings.

## TOPIC NO. 4:

Your relationship to and communications Michael J. Ure regarding the '074 Patent or any of its parents, continuations, divisionals, continuations-in-part, reexaminations, reissues, or otherwise related U.S. patent applications or proceeding.

A-1

**TOPIC NO. 5:**

Your analysis of the Request for Reexamination filed with the USPTO on April 28, 2010 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**TOPIC NO. 6:**

The examiner interview conducted at the USPTO on January 5, 2011 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**TOPIC NO. 7:**

The Response to Office Action submitted to the USPTO on January 19, 2011 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**TOPIC NO. 8:**

The Information Disclosure Statement and other documents submitted on March 4, 2011 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**TOPIC NO. 9:**

The Notice of Intent to Issue Reexamination Certificate dated March 11, 2011 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**TOPIC NO. 10:**

Your April 29, 2011 submission to the USPTO in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**TOPIC NO. 11:**

Your relationship to or communication with Christina Y. Leung, Eric Keasel, or Deandra Hughes.

**TOPIC NO. 12:**

Your knowledge of Case No. 6:10-cv-06022 in the Western District of New York, including the date and circumstances surrounding Your first knowledge of Case No. 6:10-cv-06022 in the Western District of New York.

**TOPIC NO. 13:**

Your knowledge of any assertion by Kodak that the '074 Patent is invalid, including the date and circumstances surrounding Your first knowledge of any assertion by Kodak that the '074 Patent is invalid.

**TOPIC NO. 14:**

Your knowledge of Kodak's January 18, 2011 Supplemental Response to Interrogatory No. 21 in Case No. 6:10-cv-06022 in the Western District of New York, including the date and circumstances surrounding Your first knowledge of Kodak's January 18, 2011 Supplemental Response to Interrogatory No. 21 in Case No. 6:10-cv-06022 in the Western District of New York.

**TOPIC NO. 15:**

Your knowledge of Kodak's April 14, 2011 motion for Leave to File Its Second Amended Answer and Counterclaims in Case No. 6:10-cv-06022 in the Western District of New York.

**TOPIC NO. 16:**

Your knowledge of Case No. 1:09-cv-0791 in the District of Delaware, including the date and circumstances surrounding Your first knowledge of Case No. 1:09-cv-0791 in the District of Delaware.

**TOPIC NO. 17:**

Your knowledge of any assertion by Nokia Corp. that the '074 Patent is invalid, including the date and circumstances surrounding Your first knowledge of any assertion by Nokia Corp. that the '074 Patent is invalid.

**TOPIC NO. 18:**

Apple Desktop Bus or ADB.

**TOPIC NO. 19:**

Your analysis of the language "including determining a physical signaling characteristic to apply during subsequent communications with the I/O device" as that language relates to the application that issued as the '074 Patent or the reexamination of the '074 Patent bearing reexamination control number 90/010,964, including whether that language is a claim limitation.

**TOPIC NO. 20:**

Your understanding of USPTO reexamination practice following issuance of a Notice of Intent to Issue Reexamination Certificate.

**TOPIC NO. 21:**

Your understanding of Your obligation to make the USPTO aware of concurrent litigation and prior art cited therein in which a U.S. Patent whose reexamination You are prosecuting is involved.

**TOPIC NO. 22:**

Your understanding of what is meant by "printing cycle (452 status)" as that phrase is used in MPEP 2256.

**TOPIC NO. 23:**

Your understanding, in general, of Your obligations to the USPTO during prosecution of a reexamination of an issued U.S. Patent for which You are responsible.

## SCHEDULE B

## REQUESTS FOR DOCUMENTS AND THINGS

Please see the attached Definitions and Instructions, which apply to the following Requests for Documents and Things.

**REQUEST NO. 1:**

Any and all documents, things, communications, and information related to the prosecution of the '074 Patent or any of its parents, continuations, divisionals, continuations-in-part, reexaminations, reissues, or otherwise related U.S. or foreign patent applications or proceedings, including any and all documents, things, communications, and information related to the reexamination proceedings before the USPTO bearing reexamination control number 90/010,964 or reexamination control number 90/010,784.

**REQUEST NO. 2:**

Any and all documents, things, communications, and information exchanged with Apple regarding the '074 Patent or any of its parents, continuations, divisionals, continuations-in-part, reexaminations, reissues, or otherwise related U.S. or foreign patent applications or proceedings, including any and all documents, things, communications, and information related to the reexamination proceedings before the USPTO bearing reexamination control numbers 90/010,964 and 90/010,784.

**REQUEST NO. 3:**

Any and all documents, things, communications, and information exchanged with or relating to Mark Devon, John Lynch, or James B. Nichols, including any consulting agreements or other agreements to which Mark Devon, John Lynch, or James B. Nichols is a party.

**REQUEST NO. 4:**

Any and all documents, things, communications, and information exchanged with or relating to the law firm of Burns, Doane, Swecker & Mathis, L.L.P. or its successors in interest (including the law firm of Buchanan Ingersoll & Rooney PC) regarding the '074 Patent or any of its parents, continuations, divisionals, continuations-in-part, reexaminations, reissues, or otherwise related U.S. or foreign patent applications or proceedings.

**REQUEST NO. 5:**

Any and all documents, things, communications, and information exchanged with or relating to Michael J. Ure regarding the '074 Patent or any of its parents, continuations, divisionals, continuations-in-part, reexaminations, reissues, or otherwise related U.S. or foreign patent applications or proceedings.

**REQUEST NO. 6:**

Any and all documents, things, communications, and information relating to Your analysis of the Request for Reexamination filed with the USPTO on April 28, 2010 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**REQUEST NO. 7:**

Any and all documents, things, communications, and information relating to the examiner interview conducted at the USPTO on January 5, 2011 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**REQUEST NO. 8:**

Any and all documents, things, communications, and information relating to the Response to Office Action submitted to the USPTO on January 19, 2011 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**REQUEST NO. 9:**

Any and all documents, things, communications, and information relating to the Information Disclosure Statement and other documents submitted on March 4, 2011 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**REQUEST NO. 10:**

Any and all documents, things, communications, and information relating to the Notice of Intent to Issue Reexamination Certificate dated March 11, 2011 in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**REQUEST NO. 11:**

Any and all documents, things, communications, and information relating to Your April 29, 2011 submission to the USPTO in the reexamination of the '074 Patent bearing reexamination control number 90/010,964.

**REQUEST NO. 12:**

Any and all documents, things, communications, and information relating to or exchanged with Christina Y. Leung, Eric Keasel, or Deandra Hughes.

**REQUEST NO. 13:**

Any and all documents, things, communications, and information relating to Case No. 6:10-cv-06022 in the Western District of New York.

**REQUEST NO. 14:**

Any and all documents, things, communications, and information relating to Your first knowledge of Case No. 6:10-cv-06022 in the Western District of New York.

**REQUEST NO. 15:**

Any and all documents, things, communications, and information relating to Your first knowledge of any assertion by Kodak that the '074 Patent is invalid.

**REQUEST NO. 16:**

Any and all documents, things, communications, and information relating to Your first knowledge of Kodak's January 18, 2011 Supplemental Response to Interrogatory No. 21 in Case No. 6:10-cv-06022 in the Western District of New York.

**REQUEST NO. 17:**

Any and all documents, things, communications, and information relating to Your first knowledge of Kodak's April 14, 2011 motion for Leave to File Its Second Amended Answer and Counterclaims in Case No. 6:10-cv-06022 in the Western District of New York.

**REQUEST NO. 18:**

Any and all documents, things, communications, and information relating to Your first knowledge of Case No. 1:09-cv-0791 in the District of Delaware.

**REQUEST NO. 19:**

Any and all documents, things, communications, and information relating to Your knowledge of any assertion by Nokia Corp. that the '074 Patent is invalid.

**REQUEST NO. 20:**

Any and all documents, things, communications, and information relating to Apple Desktop Bus or ADB.

**REQUEST NO. 21:**

Any and all documents, things, communications, and information relating to Your analysis of the claim language "including determining a physical signaling characteristic to apply

during subsequent communications with the I/O device" as that language relates to the application that issued as the '074 Patent or the reexamination of the '074 Patent bearing reexamination control number 90/010,964, including documents, things, communications, and information relating to Your analysis of whether that language is a claim limitation.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply to both the Topics of Deposition contained in Schedule A and the Requests for Documents and Things contained in Schedule B.

A.     **"You," "Your,"** and **"Sterne Kessler"** shall mean Stern, Kessler, Goldstein & Fox P.L.L.C. and any parent, subsidiary, predecessor, or otherwise related entity.

B.     **"Kodak"** shall mean Plaintiff/Counterclaim-defendant Eastman Kodak Company.

C.     **"Apple"** shall mean Defendant/Counterclaim-plaintiff Apple Inc. and any parent, subsidiary, predecessor, attorney, agent, representative, or otherwise related entity.

D.     **"'074 Patent"** shall mean U.S. Patent No. 5,634,074.

E.     **"USPTO"** shall refer to the United States Patent and Trademark Office.

F.     **"Document"** shall be construed under the broadest possible construction under the Commission's Rules of Practice and Procedure and the Federal Rules of Civil Procedure, and shall include, without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, or printouts; tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription; computer tapes, databases, e-mails; pictures, photographs, slides, films, microfilms, motion pictures; or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each document (which, by reason of any variation, such as the presence or absence of hand-written notes or underlining, represents a distinct version). By way of example, the term **"document(s)"** as used herein shall include,

1

without limitation: correspondence; blueprints; memoranda; notes; diaries; letters; telegraphs; telegrams; telexes; e-mails; minutes; agendas; contracts; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; circulars; press releases; advertisements; books; inter-office and intra-office communications; handwritten or typewritten notes; notations or summaries of telephone conversations, meetings, or conferences; bulletins; computer printouts; databases; teletypes; telefax; invoices; worksheets; photographs; tape recordings; and all other tangible items of readable, recorded, or visual material of any kind.

G.    **"Communication"** shall be construed to mean and refer to any transmission of information, in any form, via any medium, including, without limitation, documents incorporating, summarizing or describing the contents of the transmission, meetings and discussions, telephone conversations, electronic communications, telegraphic, communications, or any document containing a recording, transcription, summary or description or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission.

H.    **"Information"** shall be construed to mean and refer to communications and documents as those terms are defined herein .

I.    **"Thing"** shall be construed under the broadest possible construction under the Commission's Rules of Practice and Procedure and the Federal Rules of Civil Procedure.

J.    **"Relate to," "related to,"** or **"relating to"** shall mean in whole or in part constituting, containing, embodying, reflecting, describing, involving, supporting, contradicting, evidencing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

K.    As used herein, the singular form of a term shall be interpreted to include the plural form of that term and vice versa.

L.     Except where the context does not permit, the term **"including"** shall be without limitation.

M.     Except where the context does not permit, the terms **"and"** and **"or"** shall be both conjunctive and disjunctive.

N.     These requests apply to all documents in Your possession, custody, or control and/or the possession, custody, or control of any of Your employees, agents, partners, and anyone else acting on Your behalf.

O.     You are requested to produce for inspection and copying all documents and things in Your possession, custody, or control, identified in the Request for Documents and Things at Schedule B, within fourteen (14) days after the service of these requests, or within a time mutually agreed upon by Kodak and Sterne Kessler. Documents shall be produced to correspond with the categories of this request, or as they are kept in the ordinary course of business. For the documents requested, such inspection and copying shall not be required if, within the time set forth above, a true and legible copy of each of the requested documents or things has been delivered to Benjamin E. Weed, c/o K&L Gates LLP, 1601 K Street NW, Washington DC, 20006-1600.

P.     In the event any information is withheld from disclosure based on a claim of attorney-client privilege, attorney work product immunity, or any other privilege from disclosure, please provide a privilege log setting forth all of the information required by Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, identifying (a) the date of the information; (b) the source of the information; (c) the names and addresses of all persons to whom that information was disclosed; and (d) the general subject matter of the information. To the extent such information is contained within a document for which a claim of privilege has

3

been made, You must provide a privileged document list within ten (10) days of the date upon which answers and objections to these requests are due.

Q. If a document responsive to any request is no longer in Your possession, custody, or control, because it has been discarded, destroyed, or lost, or for any other reason, provide the following information with regard to such document: (a) the date the document was written, prepared, generated, or sent; (b) the name(s) and address(es) of the author(s) and any addressee(s); (c) the names and addresses of all persons receiving copies of the document; (d) the subject matter of the document; (e) the reason(s) such document was discarded, destroyed, or is no longer in Your possession, custody or control; and (f) if discarded or destroyed, the names of those individuals who authorized or approved the decision to discard or destroy such document (if no individuals authorized or approved the decision to discard or destroy such document, indicate that no such authorization was given), the names of those individuals who discarded or destroyed such document, and the date on which such document was discarded or destroyed.

R. The Requests for Documents and Things contained in Schedule B shall be continuing in nature so as to require the production of responsive documents or other materials that come into Your possession, custody or control at any time after the date of this request but before a final decision in this action.

4

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| Eastman Kodak Company | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   6:10-cv-06022 |
| | ) |
| Apple Inc. | )     (If the action is pending in another district, state where: |
| *Defendant* | )         Western District of New York      ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Sterne, Kessler, Goldstein & Fox P.L.L.C.
      1100 New York Avenue, Washington, DC 20005

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A to Notice of Subpoena

| Place: K&L Gates LLP | Date and Time: |
|---|---|
|        1601 K Street NW | |
|        Washington, DC, 20006-1600 | 06/03/2011 9:00 am |

The deposition will be recorded by this method:   _Video and Stenographer_____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule B to Notice of Subpoena
Please produce documents responsive to the attached requests by no later than May 25, 2011 at
K&L Gates LLP, 1601 K Street NW, Washington, DC, 20006-1600

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _05/11/2011_

            *CLERK OF COURT*

                                  OR

| | |
|---|---|
|   | /s/ Benjamin E. Weed |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Eastman Kodak Company
_____ , who issues or requests this subpoena, are:

Benjamin E. Weed, K&L Gates LLP
70 W. Madison St., Suite 3100, Chicago, IL 60602
benjamin.weed@klgates.com  (312-781-7166)

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  6:10-cv-06022

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).